UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

BARRY L. WILDING                                                                                                    PLAINTIFF

v.                                                                                          CIVIL ACTION NO. 3:12-CV-774-S

LADONNA H. THOMPSON, COMMISSIONER,
KENTUCKY DEPARTMENT OF CORRECTIONS                                        DEFENDANT

### MEMORANDUM OPINION AND ORDER

This action comes before the court pursuant to a motion to dismiss filed by Defendant LaDonna H. Thompson, Commissioner, Kentucky Department of Corrections (DN 4). In addition, Plaintiff Barry L. Wilding moves to amend his complaint (DNs 5, 6).

On November 20, 2012, Wilding filed a *pro se* complaint in this court against Thompson, claiming that he was subjected to employment discrimination based upon his age. Specifically, Wilding alleged that Thompson had refused to hire him for a position as a manager at a correctional institute, instead hiring younger candidates that did not have as much education and work experience as Wilding.

Thompson has moved to dismiss. First, she asserts that dismissal is proper, as she was not properly served. Second, Thompson argues that Wilding's claim of age discrimination is subject to dismissal because she cannot be held individually liable under the ADEA and because the ADEA did not abrogate Kentucky's sovereign immunity.

As it implicates the court's ability to exercise personal jurisdiction over Thompson, we begin with the service of process issue. Thompson's argument is that, although Wilding attempted to serve

her by mailing her, via certified mail, a copy of the summons and complaint, he failed to comply with the precise terms of Kentucky Rule of Civil Procedure 4.01. That Rule states:

> (1) Upon the filing of the complaint (or other initiating document) the clerk shall forthwith issue the required summons and, at the direction of the initiating party, either:
>
> (a) Place a copy of the summons and complaint . . . to be served in an envelope, address the envelope to the person to be served at the address set forth in the caption or at the address set forth in written instructions furnished by the initiating party, affix adequate postage, and place the sealed envelope in the United States mail as registered or certified mail return receipt requested with instruction to the delivering postal employee to deliver to the addressee only and show the address where delivered and the date of delivery. The clerk shall forthwith enter the facts of mailing on the docket and make a similar entry when the return receipt is received by him or her. If the envelope is returned with an endorsement showing failure of delivery, the clerk shall enter that fact on the docket. The clerk shall file the return receipt or returned envelope in the record. Service by registered mail or certified mail is complete only upon delivery of the envelope. The return receipt shall be proof of the time, place and manner of service. To the extent that the United States postal regulations permit authorized representatives of local, state, or federal governmental offices to accept and sign for "addressee only" mail, signature by such authorized representative shall constitute service on the officer. . . . ; or
>
> (b) Cause the summons and complaint . . . , with necessary copies, to be transferred for service to any person authorized, other than by paragraph (1) of this Rule, to deliver them, who shall serve the summons and accompanying documents, and his return endorsed thereon shall be proof of the time and manner of service.

Thompson primarily focuses on the fact that Kentucky Rule of Civil Procedure 4.01 directs the clerk to place a copy of the summons and complaint in an envelope, address it, mail it, and receive and docket the return receipt. However, in accord with the typical practice of this court, whose employees are not subject to the dictates of Kentucky Rule of Civil Procedure 4.01, the clerk's office issued process directly to Wilding for him to arrange for service. In light of the difference between how the clerk's office functions in this court compared to how the clerk's offices

function in the Kentucky state courts, the clerk's failure to complete the certified mailing herself did not doom Wilding's attempt at service in that manner.

However, Wilding still failed to comply with certain requirements of Kentucky Rule of Civil Procedure 4.01 concerning the mailing. Specifically, although Wilding mailed the envelope with the summons and complaint via certified mail return receipt requested, he did not give an "instruction to the delivering postal employee to deliver to the addressee only." In fact, the return receipt is signed "MS," suggesting that the mailing was not delivered to Thompson, the addressee.

At this point, more than 120 days have passed since the complaint was filed. However, in light of the fact that Wilding, a *pro se* litigant, made a good faith attempt to effectuate service; Thompson has had actual notice of the lawsuit since at least December, when she filed her motion to dismiss; and there would be no prejudice to Thompson in granting any such extension, the court will grant Wilding 30 days from the date of entry of this order within which to properly serve Thompson. See Fed. R. Civ. P. 4(m).

One last point of note: in his response to Thompson's motion to dismiss, Wilding states that he desires to amend his complaint to include a 42 U.S.C. § 1983 claim. Under Federal Rule of Civil Procedure 15(a)(1), Wilding may amend his pleading once as a matter of course within 21 days after serving it. Because Wilding may still amend his complaint as of right, the court will grant Wilding's motion for leave to amend. Wilding may file an amended complaint in this court within 21 days after serving his initial complaint on Thompson.

For all the reasons stated above and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of Defendant to dismiss for lack of jurisdiction (DN 4) is **DENIED** and Plaintiff shall have **thirty (30) days** from the date of this order

- 4 -

within which to properly serve Defendant. **IT IS FURTHER ORDERED** that Plaintiff's motion for leave to amend his complaint (DNs 5, 6) is **GRANTED** and Plaintiff shall file his amended complaint within **twenty-one (21) days** after serving his initial complaint on Thompson.

**IT IS SO ORDERED.**

May 17, 2013

**Charles R. Simpson III, Senior Judge
United States District Court**

cc:  Plaintiff, pro se
     Counsel of Record