UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE


BARRY L. WILDING                                                               PLAINTIFF


v.                                                                 NO. 3:12-CV-00774-CRS


LADONNA H. THOMPSON, COMMISSIONER,
KENTUCKY DEPARTMENT OF CORRECTIONS                           DEFENDANT


## MEMORANDUM OPINION AND ORDER

This matter is before the court on the motion of Defendant LaDonna H. Thompson,

Commissioner of the Kentucky Department of Corrections ("Thompson"), to dismiss Plaintiff

Barry L. Wilding's ("Wilding") complaint pursuant to Federal Rule of Civil Procedure 12(b) for

failure to state a claim upon which relief can be granted, lack of subject matter jurisdiction, and

insufficient process. (DN 12). Wilding has filed a response to Thompson's motion. (DN 13). The

matter is now ripe for adjudication. For the reasons set forth below, the court will grant

Thompson's motion to dismiss (DN 12).

Wilding filed a *pro se* complaint with this court on November 20, 2012, claiming that he

was subjected to employment discrimination based upon his age in violation of Title VII of the

Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act, 29

U.S.C. § 621 *et seq.* ("ADEA"). Specifically, Wilding alleges that Thompson refused to hire him

for a managerial position at a correctional institute and instead hired younger candidates who did

not have as much educational and work experience as Wilding. Wilding contends that the court

has jurisdiction over his claim pursuant to 42 U.S.C. § 2000e–5, 28 U.S.C. §§ 1331, 1343, 42 U.S.C. §§ 1981 *et seq.*, and 29 U.S.C. §§ 626(c)(1), (e).

Wilding alleges that in June 2011, he applied for two management positions which were advertised by the Department of Corrections as "Competitive—Open to All Candidates." Wilding, who was allegedly over the age of forty when he applied for the positions, maintains that he satisfied the posted requirements for education and experience, but was turned away from his first interview without explanation. At his second interview, Wilding alleges that he was asked about his ability to "take down" a prison inmate, even though the posted job description did not list physical agility or fitness as a requirement. Wilding further alleges that the Department of Corrections added an unapproved requirement that Wilding have prior security experience within correctional institutions. At his third interview, Wilding maintains that he was again asked if he could physically subdue an inmate, and the warden warned him of the dangers associated with the position. According to Wilding, two younger candidates were selected for the positions, even though Wilding's educational and prior work experiences "far exceeded" those of the younger candidates.

Seeking monetary and equitable relief, Wilding requests that the Department of Corrections be required to employ him with full back pay and "equivalent monetary compensation" for the benefits he lost when he was not hired. Wilding also requests "protection from future recriminations by defendant."

Before bringing his claim in this court, Wilding filed charges against the Commonwealth of Kentucky with the Equal Employment Opportunity Commission ("EEOC") on January 5, 2012, alleging that he was subjected to age discrimination in violation of the ADEA. (DN 1-1, p. 1). After an investigation into the matter, the EEOC dismissed Wilding's claim because it did not

find that the Commonwealth engaged in age discrimination in violation of the ADEA. (DN 1-1, p. 2). The complaint also alleges that Wilding was granted an evidentiary hearing before the Kentucky Personnel Board in January 2013.[1]

Thompson previously moved for dismissal of Wilding's complaint on the same grounds as are stated in the present motion. (DN 4). This court denied Thompson's motion and granted Wilding 30 days to properly serve Thompson.[2]

As an initial matter, the court notes that the complaint seeks to state a claim against Thompson in both her official and individual capacities. The complaint also seeks to bring a claim against Thompson and the Kentucky Department of Corrections for an alleged violation of Title VII of the Civil Rights Act of 1964. However, Title VII only prohibits employment discrimination based on race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e–2(a). As the complaint contains allegations of age discrimination only, any Title VII claim against Thompson and the Department must fail. Accordingly, the sole issue remaining is whether Wilding has stated a claim for relief pursuant to the ADEA.

Thompson argues that the complaint fails to state a claim against her individually or in her official capacity as the commissioner of the Kentucky Department of Corrections and, accordingly, it should be dismissed in accordance with Federal Rule of Civil Procedure

---

[1] Wilding contends that Thompson has wrongfully attempted to have this administrative appeal dismissed. He also alleges that Thompson and the Kentucky Department of Corrections convinced the EEOC investigator that the Department's hiring procedures were not discriminatory. In his responsive brief (DN 13), Wilding further alleges that the EEOC failed to follow proper procedures regarding his charge and did not provide a disclaimer that Wilding could not successfully pursue an action against a state government entity. These allegations fail to address the specific issue before the court, namely, whether Wilding has stated a claim for age discrimination against Thompson and the Kentucky Department of Corrections.

[2] We also held that Thompson could amend his complaint as a matter of right pursuant to Federal Rule of Civil Procedure 15(a)(1). (DN 7, p. 3). Wilding subsequently filed a memorandum with the court in which he indicated that he would not seek to amend the complaint. (DN 11). As such, we will address only those claims asserted against Thompson in the original complaint. (DN 1).

12(b)(6).[3] A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). During the pleading stage, the plaintiff must provide factual allegations that are "enough to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). In ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court must "construe the complaint in the light most favorable to plaintiff" and "accept all well-pled factual allegations as true[.]" *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (internal marks omitted) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)). Yet, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678 (citation omitted). "[T]o survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all material elements" of the offense. *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 903 (6th Cir. 2009) (citation omitted).

Thompson cites to *Wathen v. General Electric Co.*, 115 F.3d 400 (6th Cir. 1997) to support her motion to dismiss the claim brought against her individually under the ADEA. Federal courts are instructed to liberally construe the pleadings of a *pro se* litigant. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Yet even under a liberal construction, the court is unable to find that Wilding is entitled to relief against Thompson individually.

In *Wathen*, the Sixth Circuit held that "an employee/supervisor, who does not otherwise qualify as an 'employer,' cannot be held individually liable under Title VII and similar statutory

---

[3] The court will not address Thompson's alternate theories of dismissal because Thompson's primary argument concerning liability under the ADEA warrants dismissal of this action.

schemes," including the ADEA. *Wathen*, 115 F.3d at 404, 404 n.6. Title VII defines an

"employer" as "a person engaged in an industry affecting commerce who has fifteen or more

employees for each working day in each of twenty or more calendar weeks in the current or

preceding calendar year, and any agent of such a person . . . ." 42 U.S.C. § 2000e(b). The ADEA

similarly defines an "employer" as "a person engaged in an industry affecting commerce who

has twenty or more employees for each working day in each of twenty or more calendar weeks in

the current or preceding calendar year" and includes "(1) any agent of such a person, and (2) a

State or political subdivision of a State and any agency or instrumentality of a State or a political

subdivision of a State, and any interstate agency." 29 U.S.C. § 630(b). Neither Title VII nor the

ADEA define the term, "agent," but it "has been interpreted as 'an individual who serves in a

supervisory position and exercises significant control over the plaintiff's hiring, firing or

conditions of employment.'" *Wathen*, 115 F.3d at 405 (citing *Pierce v. Commonwealth Life Ins.

Co.*, 40 F.3d 796, 803 (6th Cir. 1994) (internal marks omitted)). The Sixth Circuit, however, has

broadly interpreted Title VII to mean that "Congress did not intend individuals to face liability

under the definition of 'employer' it selected for Title VII." *Id.* at 406.

The Kentucky Department of Corrections is a state agency, *Scott v. Townsend*, 2012 WL

253960 (W.D. Ky. Jan. 27, 2012) (citing *Will v. Michigan Department of State Police*, 491 U.S.

58, 71 (1989)), and an employer, as defined by the ADEA, 29 U.S.C. § 630(b). Thompson, as an

individual employed by the Kentucky Department of Corrections, cannot be individually liable

under the ADEA because the Sixth Circuit has interpreted the ADEA to preclude suits against

individuals. *See Wathen*, 115 F.3d at 406. Therefore, the claim against Thompson for her alleged

violation of the ADEA must fail.

The complaint also seeks to bring a claim against Thompson in her official capacity as Commissioner of the Kentucky Department of Corrections. "A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (citing *Will*, 491 U.S. at 68). Accordingly, Thompson argues that Wilding's claim against the Kentucky Department of Corrections must fail, as the Department is immune from suit pursuant to the Eleventh Amendment. In *Kimel v. Florida Board of Regents*, 528 U.S. 62 (2000), the Supreme Court held that the Eleventh Amendment bars suits brought by private individuals seeking money damages against a state under the ADEA. Because the Department of Corrections is an "arm of the state," *Graff v. Pollock*, 2008 WL 3079742, *2 (W.D. Ky. Aug. 5, 2008), it is entitled to immunity under the Eleventh Amendment. *See Kovacevich v. Kent State Univ.*, 224 F.3d 806, 816 (6th Cir. 2000).

Although he acknowledges the Supreme Court's ruling in *Kimel*, Wilding makes several arguments in response. (DN 13, p. 5–8). Wilding first argues that Section 14 of the Constitution of the Commonwealth of Kentucky provides the foundation for the abrogation of a state's Eleventh Amendment immunity from suit under the ADEA. In addition, Wilding urges the court to "revisit" the Supreme Court's decision in *Kimel*. The court is not persuaded by Wilding's arguments and declines to overrule Supreme Court precedent. Thus, Wilding's arguments are without merit and his claims against the Kentucky Department of Corrections must fail.

Finally, Wilding appears to allege in his responsive brief (DN 13) that Thompson's actions deprived him of due process under Article XIV of the Constitution. Wilding did not include this claim in his complaint, and he cannot effect an amendment to the complaint by including this claim for the first time in his responsive brief.

For the reasons set forth herein this date and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that Thompson's motion to dismiss (DN 12) is **GRANTED**. A separate order and judgment will be entered this date in accordance with this memorandum opinion and order.

**IT IS SO ORDERED.**

January 16, 2014

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Plaintiff, pro se
   Counsel of Record